

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIELLE KOLLIAS,

                Plaintiff,

-against-

TINA MARIE LOBUE; DEMETRA DOUMAS; ALEXANDER DOUMAS; MARIA KOLLIA,

                Defendants.

22-CV-1852 (VB)

ORDER OF SERVICE

---

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff brings this action *pro se* asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, claims for race discrimination, and state law defamation claims.[1] By order dated March 7, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis (IFP)*.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore

---

[1] This matter was assigned to my docket, under Rule 13 of the Rules for the Division of Business Among District Judges, as related to *Robles v. Kollias*, No. 7:20-CV-4200 (VB) (S.D.N.Y.).

extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Tina Marie Lobue, Demetra Doumas, Alexander Doumas, and Maria Kollia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to issue summonses for Tina Marie Lobue, Demetra Doumas, Alexander Doumas, and Maria Kollia, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

Dated: March 9, 2022  
White Plains, NY

SO ORDERED:

_____  
Vincent L. Briccetti  
United States District Judge

2

## DEFENDANTS AND SERVICE ADDRESSES

1. Tina Marie Lobue, General Manager
   Argonaut Restaurant and Diner, Inc.
   1084 Yonkers Avenue
   Yonkers, NY 10704

2. Demetra Doumas
   288 Kimball Avenue
   Yonkers, NY 10704

3. Alexander Doumas
   288 Kimball Avenue
   Yonkers, NY 10704

4. Maria Kollia
   55 Hancock Avenue
   Yonkers, NY 10705